Mr. Marvin Cossey 198 Needmore Road Sidney, Arkansas 72577
Dear Mr. Cossey:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a popular name and ballot title for a similar measure, which was rejected due to ambiguities in the text of the proposed measure. See Ark. Op. Att'y Gen. No. 2007-053. Your proposed popular name and ballot title are as follows:
Popular Name
Four Year Terms for Elected County Officials
Ballot Title
AN AMENDMENT PROVIDING THAT THE TERMS OF OFFICE OF ALL COUNTY JUDGES, SHERIFFS, COUNTY AND CIRCUIT CLERKS, ASSESSORS, TAX COLLECTORS, COUNTY TREASURERS, COUNTY SURVEYORS, CORONERS AND JUSTICES OF THE PEACE WHO ARE ELECTED AFTER THE ADOPTION OF THIS AMENDMENT SHALL BE FOUR YEARS, AND FURTHER PROVIDING THAT PROVISIONS OF THE CONSTITUTION IN CONFLICT WITH THIS AMENDMENT ARE HEREBY REPEALED
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may *Page 2 
reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277,285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960). *Page 3 
Applying the above precepts, it is my conclusion that popular name you have proposed for this measure — "Four Year Terms for Elected County Officials" — is sufficient. It is therefore hereby certified as submitted.
In my opinion, however, a more suitable, complete, and correct ballot title should be substituted for the one you have proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
Ballot Title
AN AMENDMENT CHANGING THE TERM OF OFFICE OF COUNTY JUDGE, SHERIFF, ASSESSOR, TAX COLLECTOR, CORONER, TREASURER, SURVEYOR, COUNTY AND CIRCUIT CLERK, AND JUSTICE OF THE PEACE FROM THE CURRENT TWO (2) YEARS TO FOUR (4) YEARS; MAKING THE AMENDMENT APPLICABLE TO THOSE OFFICIALS WHO ARE ELECTED AFTER THE ADOPTION OF THE AMENDMENT; AND REPEALING ALL PROVISIONS OF THE ARKANSAS CONSTITUTION IN CONFLICT WITH THE AMENDMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General